IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESLEY BIRRELL,  
aka BELLA-CHRISTINA BIRRELL,

No. CIV S-10-1707-GEB-CMK-P

Plaintiff,

vs.  ORDER

KEITH HARLAN KNAUF, et al.,

Defendants.

/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 15). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

        Plaintiff names the following as defendants: Keith Harlan Knauf, Dan Clanton, and Vimal Singh. Plaintiff states that she[1] applied for membership in the Pastoral Care Services Program ("PCS") in October 2008. Plaintiff states that this group is open to all inmates who

---

[1] Plaintiff is a male-to-female transgender person who prefers to be referred to using feminine pronouns.

1

meet certain custodial and other criteria.  According to plaintiff, she is qualified to be a member of the program, had been a member in the past, and had received "numerous citations during her previous tenure" with the program.  Plaintiff states that her application was submitted to defendant Knauf who, according to plaintiff, "covertly took advantage of the opportunity to completely circumvent the established and approved membership procedures and generated a denial of membership memorandum on October 20, 2008 . . . that contained intentionally false and depreciating [sic] misstatements of material facts that were used as a fraudulent basis to retaliate against the Plaintiff. . . ."  Plaintiff alleges that, during the time Knauf was reviewing plaintiff's application, she and Knauf were involved in ongoing litigation arising from a suit plaintiff filed against Knauf in 2006.

Plaintiff states that she was told by Knauf to submit a second application for the PCS.  Plaintiff adds that, shortly after submitting a second application, Knauf and defendant Clanton "did come together and agree to author and generate a CDCR Form 128-B 'Informational Chrono.'"  Plaintiff states that this chrono "again repeated and reiterated the very same . . . misleading statements. . . " as in the October 20, 2008, memorandum.  Plaintiff states that she was never provided a copy of this chrono but that the chrono, along with the October 20, 2008, memorandum, were "surreptitiously placed in Plaintiff's C-File for discovery at some unknown future date."  According to plaintiff, she did not discover these documents until September 2009 when she conducted a routine review of her central file.

Plaintiff next alleges that, after learning of the existence of the October 20, 2008, memorandum and 128-B chrono, she filed an inmate grievance seeking to have the documents removed from her file.  Plaintiff claims that, shortly after filing this grievance against Knauf, she was "unexpectedly summoned" to meet with a correctional counselor.  Plaintiff asserts that Knauf used this correctional counselor "to act in the capacity of his agent to interview the Plaintiff in regards to the claims . . . so as to 'shield' him [Knauf] from liability . . . ."  Plaintiff alleges that there was no legitimate reason to involve other prison staff in the grievance process.

1  Plaintiff states that defendant Knauf denied her grievance at the first informal level on September
2  30, 2009.  Plaintiff's grievance was denied at the second level by defendant Singh on December
3  7, 2009.
4        The amended complaint appears to state a cognizable claim for relief pursuant to
5  42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a
6  reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that
7  service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.
8  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies
9  with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal
10 of the action.  See Local Rule 110.
11       Accordingly, IT IS HEREBY ORDERED that:
12   1.  The court authorizes service of the amended complaint on the following
13 defendant(s):
14       KNAUF,
15       CLANTON, and
16       SINGH;
17   2.  Plaintiff has already submitted USM-285 forms for each defendant
18 identified above, as well as a completed summons;
19   3.  The Clerk of the Court shall send plaintiff one copy of the amended
20 complaint; and
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

      4.     Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a.     The completed Notice of Submission of Documents; and

      b.     Four copies of the endorsed amended complaint.

DATED: January 20, 2011

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESLEY BIRRELL,                        No. CIV S-10-1707-GEB-CMK-P
aka BELLA-CHRISTINA BIRRELL,

       Plaintiff,

  vs.

KEITH HARLAN KNAUF, et al.,

       Defendants.
                                /

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

       Plaintiff hereby submits the following documents in compliance with the court's order:

       \_\_\_\_\_ copies of the endorsed amended complaint.

DATED: _____                    _____
                                                                                 Plaintiff