1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WESLEY BIRRELL,                    No. CIV S-10-1707-GEB-CMK-P
     aka BELLA-CHRISTINA BIRRELL,
12
                 Plaintiff,
13
            vs.                               ORDER
14
     KEITH HARLAN KNAUF, et al.,
15
                 Defendants.
16
     _____/
17

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

19   U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion for the appointment of a

20   "neutral person" (Doc. 27); and (2) plaintiff's motion for leave to file an amended complaint

21   (Doc. 23).

22          Turning first to plaintiff's motion for appointment of counsel, plaintiff seeks

23   appointment of a "neutral person to administer oaths and take testimony of witnesses. . . ."

24   Specifically, plaintiff seeks an order designating fellow inmate Lawrence Alan Proffitt as such a

25   person in this case.  As the court stated in addressing plaintiff's prior request for appointment of

26   an inmate legal assistant, plaintiff has a right to access to inmate assistance subject to the prison's

                                                1

ability to impose reasonable restrictions, but only where no reasonable alternative exists. See Storseth v. Spellman, 654 F.2d 1349 (9th Cir. 1981). Regarding the current motion, plaintiff has not demonstrated the absence of reasonable alternatives to appointment of Mr. Proffitt as a "neutral person." Plaintiff seeks Mr. Proffitt's assistance "in order to allow the Plaintiff to depose or perpetuate the testimony of numerous witnesses having critical evidence which bears directly upon the matters alleged in Plaintiff's complaint." Reasonable alternatives exist, for example, under Federal Rules of Civil Procedure 30 and 31 which permit the court to allow an inmate to take written or oral depositions. When such depositions are authorized, the rules provide a method for certifying the testimony.

Turning to plaintiff's motion for leave to amend, plaintiff seeks to file an amended complaint in order to join another inmate – Roman Galafate – as a defendant. As defendants note in their opposition, joinder is governed by Federal Rules of Civil Procedure 19 and 20. Under Rule 19, certain persons are required to be joined if complete relief as to the existing parties would be impossible in the person's absence, or the person claims an interest in the action. See Fed. R. Civ. P. 19(a)(1). Neither circumstance for mandatory joinder exists in this case. The court can certainly afford complete relief to either defendants or plaintiff absent Mr. Galafate. Likewise, Mr. Galafate does not claim any interest in the action. Under Rule 20, certain persons may be joined as defendants if relief is asserted against the person and the same questions of law and fact are common to all defendants, including the joining person. See Fed. R. Civ. P. 20(a)(2). Here, one of the necessary conditions for permissive joinder is missing. Specifically, the questions of law and fact are distinct as between the existing correctional defendants and the purported inmate defendant. The claims against the correctional defendants are based on 42 U.S.C. § 1983 whereas any claims against Mr. Galafate would necessarily proceed under some state law tort theory because he is not a state actor. For these reasons, joinder will not be permitted. This action shall proceed on the first amended complaint filed on January 7, 2011 (Doc. 15).

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.      Plaintiff's motion for appointment of a "neutral person" (Doc. 27) is

3    denied;

4          2.      Plaintiff's motion for leave to file a further amended complaint (Doc. 23)

5    is denied;

6          3.      The Clerk of the Court shall strike the proposed second amended

7    complaint filed on March 3, 2011 (Doc. 24), from the docket; and

8          4.      This action proceeds on the first amended complaint filed on January 7,

9    2011 (Doc. 15).

10

11

12   DATED:  June 6, 2011

13                                                  _____
                                                    CRAIG M. KELLISON
14                                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26