IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESLEY BIRRELL,　　　　　　　No. CIV S-10-1707-GEB-CMK-P
aka BELLA-CHRISTINA BIRRELL,

　　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　ORDER

KEITH HARLAN KNAUF, et al.,

　　　　　Defendants.

_____/

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to take the depositions of incarcerated witnesses (Doc. 36).

　　　　　Plaintiff seeks leave of court to take the oral depositions of various incarcerated witnesses. In his request, plaintiff admits that he "anticipates that not all of these [listed] prisoners will have information that my be critical to plaintiff's case. . . ." At this time, the court is not prepared to allow plaintiff to depose the nine inmate witnesses listed in his request given this statement from plaintiff. The court will, however, permit the depositions of those inmate witnesses as to whom plaintiff can demonstrate personal knowledge relating to the allegations in

1  this action.[1]  Plaintiff's motion will be denied without prejudice.

2           IT IS SO ORDERED.

4  DATED: June 22, 2011

   _____
6  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

---

[1]     The court observes that plaintiff has requested leave to take <u>oral</u> depositions.  It is unclear, however, how plaintiff would accomplish this as an incarcerated person proceeding in forma pauperis.  Specifically, plaintiff would have to obtain a location for the depositions, obtain a certified court reporter, and pay any necessary witness fees.  The court's experience in prisoner civil rights cases is that, where depositions of incarcerated witnesses are allowed, they are conducted by written questions pursuant to Federal Rule of Civil Procedure 31.

2