**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID WESLEY BIRRELL,<br>aka BELLA-CHRISTINA BIRRELL,<br><br>    Plaintiff,<br><br>  vs.<br><br>KEITH HARLAN KNAUF, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-10-1707-GEB-CMK-P<br><br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for leave to take the depositions of incarcerated witnesses (Doc. 54); (2) plaintiff's unopposed motion for a 60-day extension of the discovery cut-off date (Doc. 56); and (3) plaintiff's motion to stay discovery (Doc. 57).

        Plaintiff's motion for an extension of the discovery cut-off date is unopposed and will be granted. The parties will be permitted to conduct discovery until May 6, 2012. Dispositive motions will be due within 90 days following this new cut-off date. In his motion to stay all discovery, plaintiff states that such a stay is needed due to a breakdown in the meet-and-

1

1  confer process.  Given the 60-day extension that will be granted, a complete stay of discovery is
2  not warranted.  Moreover, to the extent plaintiff believes that defendants' counsel is not
3  complying with the meet-and-confer requirements, that argument can be raised in a properly
4  noticed motion to compel discovery.  A complete stay of all discovery is not necessary in order to
5  preserve plaintiff's right to make this argument.

6       Plaintiff seeks leave of court to take the oral depositions of two incarcerated
7  witnesses.  Defendants oppose this request.   At this time, the court is not prepared to allow
8  plaintiff to depose the inmate witnesses listed in the request.  As to inmate Hite, while plaintiff
9  states that this inmate has "been identified by numerous witnesses" as having "either been an eye
10 witness . . . or was in fact a participant" in alleged constitutional violations, plaintiff does not
11 offer any more specificity.  He does not say who has identified him as someone with relevant
12 knowledge.  Nor does plaintiff say what relevant knowledge Hite possesses.  Plaintiff does not
13 even know whether this witness participated in the constitutional violations he alleges in this
14 action.  There is simply not enough specific information before the court to show that inmate
15 Hite has relevant testimony to offer.

16      As to inmate Bryant, plaintiff states that this individual has "first hand
17 information into the actual operating procedures of the Hospice Unit and was an eye witness to
18 the daily operating practices of the Hospice Unit."  This is not to say, however, that Bryant has
19 knowledge relating to the specific events alleged in the complaint.  As with inmate Hite, plaintiff
20 has not demonstrated that inmate Bryant has information relevant to plaintiff's claims.

21      Accordingly, IT IS HEREBY ORDERED that:
22      1.   Plaintiff's motion to stay discovery (Doc. 57) is denied;
23      2.   Plaintiff's unopposed motion for an extension of the discovery cut-off date
24 (Doc. 56) is granted;
25      3.   The parties may conduct discovery in accordance with the June 7, 2011,
26 scheduling order until May 6, 2012;

4. All dispositive motions shall be filed within 90 days of the discovery cut-off date; and

5. Plaintiff's motion for leave to depose incarcerated witnesses (Doc. 54) is denied.

DATED: March 12, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3