**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DAVID WESLEY BIRRELL,               No. 2:10-CV-1707-GEB-CMK-P
aka BELLA-CHRISTINA BIRRELL,

             Plaintiff,

    vs.                                              ORDER

KEITH HARLAN KNAUF, et al.,

             Defendants.

                                  /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motion to compel (Doc. 61) and opposition thereto (Doc. 65); (2) plaintiff's motion to appear at hearings (Doc. 63); (3) defendants' motion for a protective order (Doc. 67) and opposition thereto (Doc. 70); and (4) plaintiff's motion for an extension of the discovery cut-off (Doc. 73) and response thereto (Doc. 74).

/ / /

/ / /

/ / /

1           In their motion for a protective order (Doc. 67), filed on May 4, 2012, defendants

2 appear to seek an order either precluding plaintiff from serving additional discovery request or

3 relieving them of any obligation to respond to discovery request already served by plaintiff.  In

4 particular, defendants refer to eight separate discovery requests served by plaintiff between July

5 7, 2011, and December 7, 2011.  Defendants' motion is untimely.  Pursuant to the court's

6 scheduling orders, responses to written discovery are due within 45 days after the request is

7 served.  Responses must be timely served unless a different deadline is set by stipulation or the

8 court.  See e.g. Fed. R. Civ. P. 33(b)(2).  A party may be relieved of the obligation to respond by

9 obtaining a protective order.  But, because a timely response is mandatory absent a stipulation or

10 court order, it follows that a motion for a protective order must be filed before discovery

11 responses are due.

12           In his motion to compel (Doc. 61), plaintiff argues that defendants have

13 completely failed to respond to the eight discovery requests which are the subject of defendants'

14 motion for a protective order.  In their opposition, defendants argue generally that some of the

15 requests are subject to privilege and other objections.  Nowhere do defendants challenge

16 plaintiff's statement that defendants failed to serve responses.  And, given defendants' untimely

17 motion for a protective order, discussed above, it is clear that defendants did not respond.

18 Because defendants did not obtain a protective order prior to the due date for discovery

19 responses, plaintiff's motion to compel will be granted and defendants will be ordered to respond

20 to the outstanding discovery requests referenced in the parties' motions.  To the extent objections

21 are deemed waived or admissions admitted due to untimely responses, defendants may file an

22 appropriate motion for relief.  As to plaintiff's request for monetary sanctions, that request will

23 be denied under Federal Rule of Civil Procedure 37(a)(5)(A)(ii).

24 / / /

25 / / /

26 / / /

1          In his motion for an extension of the discovery cut-off (Doc. 73), plaintiff seeks

2   additional time to conduct discovery in light of responses to outstanding discovery he anticipates

3   the court will order.  Defendants do not oppose the request to extend discovery.  Good cause

4   appearing therefor, the request will be granted.  The parties will be permitted to conduct

5   additional discovery, consistent with the court's prior scheduling orders, through January 15,

6   2013.  At the expiration of discovery, defendants may either stand on their current motion for

7   summary judgment or file an amended motion for summary judgment.  Plaintiff will be relieved

8   of any obligation to respond to defendants' motion for summary judgment until they make an

9   election to either stand on the original motion or file an amended motion.

10          Finally, plaintiff seeks an order permitting him to appear by telephone or be

11  brought to court for hearings.  Because plaintiff is incarcerated, motions in this case are decided

12  on the papers without oral argument.  See Local Rule 230(m).  Therefore, plaintiff's motion will

13  be denied as unnecessary.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.      Defendants' motion for a protective order (Doc. 67) is denied;

16          2.      Plaintiff's motion to compel (Doc. 61) is granted;

17          3.      Defendants shall serve responses to plaintiff's outstanding discovery

18  requests within 30 days of the date of this order;

19          4.      Plaintiff's request for monetary sanctions is denied;

20          5.      Plaintiff's motion to appear telephonically or in person (Doc. 63) is denied

21  as unnecessary;

22          6.      The parties may conduct discovery through January 15, 2013;

23          7.      Within 90 days of the January 15, 2013, discovery cut-off date, defendants

24  shall file either a notice of their intention to stand on their current motion for summary judgment,

25  or an amended motion for summary judgment; and

26  / / /

1        8.      Plaintiff's opposition to defendants' motion for summary judgment shall

2   be due within 30 days after defendants' service their notice to either stand on the current motion

3   for summary judgment or their amended motion for summary judgment.

4

5     DATED:   October 15, 2012

6                                                    _____

7                                                    **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26