# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESLEY BIRRELL,  
aka BELLA-CHRISTINA BIRRELL,

    Plaintiff,

  vs.

KEITH HARLAN KNAUF, et al.,

    Defendants.

                               /

No. 2:10-CV-1707-GEB-CMK-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for an order deeming matters admitted (Doc. 80), and defendants' opposition thereto (Doc. 82); (2) plaintiff's motion for issuance of subpoenas duces tecum (Doc. 84), and defendants' opposition thereto (Doc. 87); and (3) plaintiff's motion to postpone consideration of defendants' motion for summary judgment (Doc. 88), and defendants' opposition thereto (Doc. 90).

/ / /

/ / /

/ / /

1

Doc. 80

Plaintiff seeks an order pursuant to Federal Rule of civil Procedure 36(a)(6) that matters be deemed admitted. Plaintiff also seeks sanctions. At issue are defendants' responses to plaintiff's requests for admissions, nos. 65-75, 130, and 140. As to request nos. 65-75, defendants argue in their opposition that plaintiff's requests fail to comply with Rule 36 because they reference outside documents. Defendants state, however, that they treated the requests as requests under Rule 36(a)(2) about the truth or accuracy of the referenced documents rather than objecting on the basis of failure to comply with Rule 36.

The court finds that defendants' responses to plaintiff's request nos. 65-75 were sufficient. In request nos. 65, 66, 69, and 70 plaintiff seeks to determine the accuracy of events described in an October 20, 2008, memorandum. In request nos. 67, 68, 71, 72, 73, 74, and 75, plaintiff asks about the accuracy of a March 13, 2009, "informational chrono." Defendants reasonably construed the requests as inquiring about the "genuineness of a document" under Rule 36(a)(2). Moreover, as to both documents, defendants admitted that they are true in their entirety.

As to request no. 130, plaintiff asked: "ADMIT that the filing of a civil action in any court of law is a legally 'protected conduct.'" Defendants objected on the ground that the question calls for a legal conclusion. The court finds that this response was sufficient because the request sought a legal conclusion about whether certain conduct was considered constitutionally protected conduct without regard to application of any facts of the case. See Tracchia v. Tilton, 2008 WL 5382253 at *2 (E.D. Cal. 2008).

In request no. 140, plaintiff again referenced the March 13, 2009, "informational chrono" and asked defendants to admit that, when the chrono was written, "Plaintiff had been cleared, and was actively visiting a patient in the CMF Hospice." Defendants objected on the grounds that the request is vague , ambiguous, compound, and unintelligible. The court agrees with defendants' characterization of the request. It is not clear what plaintiff means by "had been

cleared." The request is also compound in that it asks defendants to admit: (1) that plaintiff has been cleared; and (2) that plaintiff was actually visiting a patient in the hospice.  Moreover, the request is ambiguous in that it is not clear whether plaintiff is referencing visits to a hospice patient in the hospice, a non-hospice patient in the hospice, or a non-hospice patient somewhere other than the hospice.  For these reasons, the court finds that defendants' response to request no. 140 was sufficient.

Doc. 84

Plaintiff seeks issuance of subpoenas by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 45(a)(3).  In particular, plaintiff seek production of documents by the warden of the California Medical Facility, who is a party to this action.  In opposition, defendants argue that plaintiff's motion is an untimely discovery request.  The court agrees.  On October 16, 2012, the court issued a scheduling order permitting the parties to conduct discovery through January 15, 2013.  Plaintiff's motion was signed on January 7, 2013, and filed on January 17, 2013.  The motion requested issuance of subpoenas for production of documents within 30 days of service.  Even assuming that the motion had been filed the same day it was signed, and that subpoenas had issued that same day, and the subpoenas had been returned to plaintiff that same day, and the subpoenas had been served that same day, it would have been impossible for plaintiff to have obtained responses to the subpoenas by the January 15, 2013, discovery cut-off date.  Simply put, plaintiff waited too long to seek issuance of subpoenas.

Doc. 88

Plaintiff seeks an order pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)) to "postpone Defendants' motion for summary judgment."  Plaintiff cites the following grounds in support of his request:

    1.    An outbreak of Norovirus at the prison has resulted in a quarantine and cessation of all normal institutional programs.

    2.    Additional discovery is anticipated if plaintiff's discovery motions (discussed above) are granted.

       3.      Witnesses who will provide declarations necessary to oppose defendants' motion for summary judgment are sick or are under quarantine, making it impossible for plaintiff to obtain their declarations.

As defendants note in their opposition to plaintiff's motion, plaintiff ". . . does not explain how the particular problem requires either more discovery. . . ." The court agrees. Turning to plaintiff's first reason, he does not state when the outbreak occurred or that the cessation of "all normal institutional programs" renders it impossible for him to prepare his opposition. As to additional discovery, none will be ordered for the reasons discussed above. Finally, as to the availability of witnesses, this basis at best provides grounds for an extension of time to file an opposition, which the court will grant.

      Accordingly, IT IS HEREBY ORDERED that:

      1.      Plaintiff's motion for an order deeming matters admitted (Doc. 80) is denied;

      2.      Plaintiff's motion for issuance of subpoenas duces tecum (Doc. 84) is denied;

      3.      Plaintiff's motion pursuant to Rule 56(d) (Doc. 88) is denied;

      4.      Plaintiff may file an opposition to defendants' motion for summary judgment within 30 days of the date of this order; and

      5.      Defendants may file a reply within 20 days after service of plaintiff's opposition.

DATED: March 4, 2013

                                                          */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE